# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-CV-350 |
| FORT WAYNE POLICE DEP., et. al. | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the "28 U.S.C, 1447(c) Motion to Object to Defendants' Removal Plaintiff's Seek/Request to Remand" filed by Anthony C. Martin ("Martin") on October 19, 2011. For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

On February 22, 2011, Martin filed a Complaint in the Allen Superior Court. The Complaint alleges that Defendants violated his Fourth and Fourteenth Amendment rights, and additionally alleges state law claims for harassment, retaliation, defamation and emotional distress. (DE #1).

On October 6, 2011, a Notice of Removal was filed by Defendants. (DE #2). In that Notice, Defendants set forth their contentions for removal based on federal question jurisdiction under 28 U.S.C. §§ 1441 and 1446. On October 19, 2011, Plaintiff

filed the instant motion.  Plaintiff frames his argument as follows:

> 1). Did the defendants meet the requirements of presenting the merits of raising the Federal Question Rule.
> 2). Did the defendants abuse the Court's discretion, when removal by the defendants was merely an act of "forum shopping" (ERIE DOCTRINE) by the defendants.
> 3). Have the diversity issues been raised or fully cleared before the removal to the federal Court.

(DE #11 at 2).  Defendants filed their response to Plaintiff's request for remand on October 27, 2011.  Plaintiff has not filed a reply.  The motion is ripe for adjudication.


DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446.  The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted).  The party seeking removal must demonstrate that removal is proper.  *Boyd*, 366 at 529.  "[I]t is not enough to file a

pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).

Subject-matter Jurisdiction

Defendants removed this case from state court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

Both the original complaint and an amended complaint filed October 19, 2011, clearly assert federal claims. Plaintiff claims violations of the Fourth and Fourteenth Amendments of the United States Constitution. Accordingly, this civil action arises under the constitution and laws of the United States, and this Court has jurisdiction over these claims.

Pursuant to 28 U.S.C. section 1367, this Court has jurisdiction over any pendent state law claims that are "so related to claims in the action ... that they form part of the same case or controversy." In this case, Plaintiff asserts both federal and state claims all stemming from the same common nucleus of operative

facts. *See Sanchez v. Koresko*, 502 F.3d 610, 614 (7th Cir. 2007). Accordingly, this Court also has subject matter jurisdiction over Plaintiff's state law claims.

Procedural Requirements

Defendants desiring to remove a civil action from state court to federal court must comply with the procedures set forth in 28 U.S.C. § 1446. These procedures mandate that the notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Although the thirty day time limit in § 1446(b) is not jurisdictional, it is a mandatory and strictly applied rule of procedure. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982). The Supreme Court has clarified that the removal clock under § 1446(b) is triggered when one of four events occurs: (1) if the summons and complaint are served together, the 30-day period for removal runs at once; (2) if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint; (3) if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing; and (4) if the

complaint is filed in court prior to any service, the removal period runs from the service of the summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

It appears from the docket sheet in the state court case that Defendants were not served until at least September 28, 2011. The Notice of Removal was filed on October 6, 2011, well within the time allowed under 28 U.S.C. § 1446(b).

Plaintiff's Contentions in Support of Remand

The Plaintiff's motion seeks remand because defendants didn't present "the merits of raising the Federal Question Rule", because defendants are "forum shopping" and abusing the Court's discretion, and because diversity issues were not "raised or fully cleared." Plaintiff's concerns demonstrate a fundamental misunderstanding of what is required for this case to be removed to federal court. None of Plaintiff's concerns have merit. Defendants have satisfied their burden of demonstrating that removal is proper.

CONCLUSION

For the reasons set forth above, the "28 U.S.C, 1447(c) Motion to Object to Defendants' Removal Plaintiff's Seek/Request to Remand" filed by Anthony C. Martin ("Martin") on October 19, 2011, is **DENIED.**

**DATED: November 3, 2011**         **/s/RUDY LOZANO, Judge**
        **United States District Court**