# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   CAUSE NO. 1:11-CV-350 |
| | ) |
| FORT WAYNE POLICE DEPT., et al., | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

On September 14, 2012, *pro se* Plaintiff Anthony Martin moved to amend his complaint, seeking to add equal protection and due process claims. (Docket # 69.) Because Martin's motion is untimely, it will be DENIED.

The deadline for Martin to amend his complaint passed on May 1, 2012, that is, more than four months before Martin filed the instant motion. (Docket # 31.) Of course, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "[T]o demonstrate good cause, a party must show that despite [his] diligence, the time table could not reasonably have been met." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

Martin, however, makes *no* attempt to explain why he filed his motion to amend more than four months after the applicable deadline. All of the events he recites occurred well before the deadline to amend the pleadings, and thus there is no apparent reason why these claims could

not have been advanced prior to the deadline. As a result, Martin fails to establish "good cause" for the untimely amendment.

Furthermore, the addition of these claims would likely require additional discovery. But the Court has already extended discovery and cautioned Martin at that time that "[n]o further extensions will be granted." (Docket # 64.) "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (citation omitted).

Moreover, "it is . . . well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Martin is an experienced *pro se* litigator; he has prosecuted more than fifteen cases in this Court on a *pro se* basis, appealing at least one to the Seventh Circuit. *See, e.g.*, *Martin v. Fort Wayne Police Dept.*, 1:11-cv-4 (N.D. Ind. filed Jan. 4, 2011); *Martin v. Fort Wayne Police Dept.*, 1:09-cv-74 (N.D. Ind. filed Mar. 23, 2009); *Martin v. Comm'r of Soc. Security*, 1:08-cv-46 (N.D. Ind. filed Aug. 20, 2008); *Martin v. Smith*, 1:04-cv-450 (N.D. Ind. filed Jan. 7, 2005). Thus, he is well aware of the federal rules of civil litigation.

Therefore, because Martin has not established "good cause" for the untimely amendment, his motion to amend his complaint (Docket # 69) is DENIED.

SO ORDERED.

Enter for September 24, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge